Henry J. Holley, Esq. Town Attorney, Deerpark
You have asked whether the police commissioners of a town have authority to supervise town constables and, if not, whether a town board through local action may delegate this authority to the police commissioners.
The authority for the employment of constables in towns is section20(1)(a) and (b) of the Town Law. While there are different provisions with respect to the authority of towns of the first class as contrasted with towns of the second class to establish constabularies, we have concluded that any town, utilizing its home rule powers, may establish a constabulary whether or not it also has a police department (Op Atty Gen No. 83-64). Town constables are subject to the general authority and direction of the town board (Town Law, § 39). Towns are authorized to establish police departments (id. § 150). A town board may establish a board of police commissioners or a police commissioner to exercise, in place of the town board, all powers with respect to police matters (id.,
§ 150[2]).
In our opinion, the town board may authorize the police commissioners to supervise a town constabulary. This may be done notwithstanding general provisons of the Town Law establishing lines of authority with respect to constables because towns have been granted the power to supersede the Town Law when enacting local laws within their grant of home rule power (Municipal Home Rule Law, § 10[1][ii][d][3]). Towns have been authorized to adopt and amend local laws with respect to the powers and duties of their officers and employees (id., § 10[1][ii][a][1]). It follows that a town may supersede section 39 of the Town Law to grant to the police commissioners the responsibility for supervision of the town constabulary.
We note that a local law is subject to mandatory referendum if it abolishes, transfers or curtails the powers of an elective office (§ 23[2][f]). The abolition, transfer or curtailment of the power of an elective board is subject to this referendum requirement (McCabe vVoorhis, 243 N.Y. 401 [1926]). The town board is the legislative and administrative arm of town government. Therefore, any transfer by local law of administrative functions of the town board to another officer would be subject to mandatory referendum under section 23(2)(f) (Op Atty Gen No. 81-10). To determine whether there has been a transfer of powers, subject to referendum, it will be necessary to look closely at the provisions of the local law. A local law which assigns or delegates but does not transfer administrative powers would not be subject to a referendum (ibid.). To have the characteristics of a delegation rather than a transfer, the local law should provide for the police commissioners to perform assigned duties on behalf of the town board and subject to the board's supervision and control (ibid.). However, an outright transfer of authority from the town board to the police commissioners to supervise the constabulary would be subject to mandatory referendum.
We conclude that a town board may delegate to the police commissioners the responsibility for supervision of town constables.